verdict. This question was not raised in the court below by challenge to the sufficiency of the evidence at the conclusion of the testimony, and, under the repeated holdings of this court, may not be reviewed (see Stubbs v. United States, 1 F.(2d) 837; Schindler v. United States, 24 F.(2d) 204; Marco v. United States, 26 F.(2d) 315; Murphy v. United States, 35 F.(2d) 1019), except to see, as stated in the Marco Case, that justice has not miscarried. This case is on "all fours" with Murphy v. U. S., supra.

■ Appellants seek review by reason of a motion to strike certain testimony, which was denied. This was renewed in a motion for new trial, and on denial of motions error is predicated. This is not sufficient. It merely challenges a step in the proceeding of the trial.

■ Nor can the court say that justice has miscarried because a prohibition agent, three years in service, who tasted many samples of various liquors, including beer, testified, without objection, that the beer found on the premises of the appellants was intoxicating, and on cross-examination stated that it contained approximately 4 per cent. of alcohol. It is urged that a chemical analysis was essential and that the testimony of the agent was insufficient. Justice did not miscarry.

Affirmed.

## In re EBY.

District Court, E. D. North Carolina.
December 14, 1929.

E. M. Green, of New Bern, N. C., for Willis, trustee in bankruptcy.

Duane R. Dills, of New York City, and L. I. Moore, of New Bern, N. C. (Moore & Dunn, of New Bern, N. C., and Dills & Towsley, of New York City, of counsel), for intervener Commercial Credit Co.

MEEKINS, District Judge. This cause coming on to be heard before the undersigned United States District Judge, at chambers, in Raleigh, upon the exceptions of the trustee in bankruptcy to the report of the referee, and the appeal therefrom to this court, and upon the exceptions of the petitioner, Commercial Credit Company, to the report of the referee and the appeal from his findings thereon, both appeals being heard at the same time; the court being of the opinion that the findings of the referee and his conclusions of law thereon on the evidence in this case, that the transactions between the Commercial Credit Company and Clyde Eby, bankrupt, on the contract and the exhibits introduced in evidence, was a loan and not a purchase of the accounts is in error—the court upon this question and upon the appeal of the petitioner, Commercial Credit Company, reverses this finding of fact and conclusion of law of the referee, the court being of the opinion that the transaction was a sale by Clyde Eby and purchase of the accounts by the Commercial Credit Company under the evidence and exhibits offered, and is of the opinion that said referee's finding and conclusion of law on this question was in error and the same was not sustained by decisions of this court in the case of Nichols v. Fearson, 7 Pet. (32 U. S.) 103, 8 L. Ed. 623, and Chase & Baker Company v. National Trust & Credit Company (D. C.) 215 F. 633.

It is further ordered, considered, and adjudged by the court that upon the appeal of the trustee from the decisions of the referee, holding that the contract and agreement in this case was a Maryland contract, it is considered, ordered, and adjudged by the court that the decision of the aforesaid referee in bankruptcy upon this point is sustained and affirmed.

It is thereupon considered, ordered, and adjudged by the court that the trustee in bankruptcy in this cause be, and he is hereby, directed to pay over to the Commercial Credit Company all sums and amounts collected by him or for him upon the accounts which were sold and transferred by the bankrupt to the Commercial Credit Company, and the trustee in bankruptcy will ascertain the amount of such accounts so collected, and pay over the proceeds thereof as herein directed. Except as herein reversed, the judgment of the referee in bankruptcy is affirmed.

Sims, Godman & Stransky, of New York City, and C. R. Hillyer, of Chicago, Ill., for plaintiffs.

A. A. McLaughlin, of Des Moines, Iowa, Sidney F. Andrews, of Washington, D. C., and Edgar R. Hart, of Chicago, Ill., for Director General.

Winston, Strawn & Shaw, of Chicago, Ill. (Frank H. Towner, of Chicago, Ill., of counsel), for Union Stock Yard & Transit Co.

**ADAMS et al. v. MELLON, Director General of Railroads, et al.**

District Court, N. D. Illinois, E. D.
January 27, 1930.

No. 37517.

WOODWARD, District Judge. Plaintiffs, 103 in number, members of the Chicago Live Stock Exchange, bring this suit against Andrew Mellon, Director General of Railroads, and Union Stock Yard & Transit Company, under section 16 of the Act to Regulate Commerce (49 USCA § 16) to recover from the defendants jointly $140,001.25, with interest, awarded to plaintiffs in a reparations order entered by the Interstate Commerce Commission on December 12, 1927, which sum has not been paid.

At the conclusion of all the evidence, the defendants separately made motions to instruct the jury to return a verdict in favor of the defendants, alleging, in the respective motions, the reasons why such motions should be allowed.

The defendants, in their motions for a directed verdict, raise many contentions which are common to both defendants and many other contentions which apply separately to the defendant on whose behalf they are made. In the view the court takes of this case, it is unnecessary to summarize these various contentions or to discuss them seriatim.

At the outset, the contention is made by both defendants in their respective motions